UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**MARGARET MICHELLE DRIVER**                                                  **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 5:17-CV-176-TBR**

**CALDWELL MEDICAL CENTER et al.**                                   **DEFENDANTS**

## MEMORANDUM OPINION

*Pro se* Plaintiff Margaret Michelle Driver filed the instant action. Because Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915, the Court must undertake a preliminary review of the complaint. *See* 28 U.S.C. § 1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff names as Defendants the Caldwell Medical Center; Michael Howard, a doctor at the Caldwell Medical Center; and Caldwell Medical Center Nurse Robin Locke. In the section of the complaint form for stating the basis for federal question jurisdiction, the complaint states: "civil liberties [and] medical malpractice negligence." The complaint states that on November 28, 2016, Plaintiff's "civil liberties were violated when [she] became a victim of malpractice negligence caused by" Defendants Howard and Locke. Plaintiff states that she arrived at the Caldwell Medical Center via ambulance "for possible overdose and head injury caused by an accidental fall. [She] was restrained by E.M.T.'s due to combative state." Plaintiff alleges that she "was left unrestrained in the emergency room at Caldwell Medical Center and instead of following protocols [she] was treated as just a belligerent drunk instead of a combative head injury and possible overdose patient." She states that Defendants Howard and Locke called

the police and had her arrested for disorderly conduct, after which she was "thrown in a holding cell at Caldwell Co. Jail in deplorable conditions" and given an unfair trial. She states that an appeal of that case is pending.

As relief, Plaintiff asks for injunctive relief in the form of "retrain staff on how to treat head injuries and possible overdose patients" and punitive damages.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 608. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint

must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To the extent that Plaintiff is alleging violations of her civil liberties, the Court interprets those claims to be that her constitutional rights were violated. The Sixth Circuit has stated that "it is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy [42 U.S.C. § 1983] of equal effectiveness through which the plaintiff could have vindicated [her] constitutional rights." *Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989). Plaintiff cannot allege a cause of action directly under the Constitution, and, therefore, the Court construes Plaintiff's claims under the constitutional amendments as being brought pursuant to § 1983. *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992); *City of Dayton v. A.R. Envtl., Inc.*, 886 F. Supp. 2d 775, 779 (S.D. Ohio 2012).

In order to state a claim under § 1983, a plaintiff must allege both a violation of a right or rights secured by the Constitution or laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42 (1988). A private entity or private individual acting on his or her own cannot deprive a citizen of his or her constitutional rights. *See Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000) (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149 (1978); *Hudgens v. NLRB*, 424 U.S. 507 (1976)). Section 1983 does not create a cause of action against a private actor "'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

To satisfy the "color of state law" prong of § 1983, Plaintiff must allege facts showing that Defendants were either 1) acting under the compulsion of the state (state compulsion test);

2) engaged in an activity traditionally reserved to the state (public function test); or 3) their activities were sufficiently close and/or controlled by the state that their actions could fairly be attributed to it (nexus test). *See Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003).

Plaintiff's complaint fails to allege facts meeting any of the three tests. As noted above, Plaintiff alleges that Defendants Howard and Locke, a doctor and a nurse, simply called the police to report Plaintiff's disorderly conduct. Such allegations fail to show a sufficient intermingling of state involvement with Defendants to support a finding of state action. *See Boykin v. Van Buren Twp.*, 479 F.3d 444, 452 (6th Cir. 2007) (indicating that private security guards, who merely called police regarding a suspected shoplifter, were not state actors for purposes of § 1983); *Johnson v. LaRabida Children's Hosp.*, 372 F.3d 894, 896-97 (7th Cir. 2004) (holding that hospital security guards who had authority to patrol and eject people but not to carry guns and who had to call the police if someone became hostile and belligerent were not "state actors"); *Styles v. McGinnis*, 28 F. App'x 362, 364 (6th Cir. 2001) (holding that an emergency room physician who treated the plaintiff-prisoner did not qualify as a state actor); *Brautigam v. Pastoor*, No. 1:16-CV-1141, 2017 WL 3588827, at *1-2 (S.D. Ohio Mar. 31, 2017) (finding that where Defendant, Plaintiff's neighbor, "simply called the police to report Plaintiff's alleged menacing behavior," Plaintiff failed "to show a sufficient intermingling of state involvement with defendants to support a finding of state action"), report and recommendation adopted, No. 1:16CV1141, 2017 WL 3600440 (S.D. Ohio Aug. 18, 2017).

Plaintiff also raises state-law claims of "medical malpractice negligence." However, this federal court does not have jurisdiction to hear Plaintiff's state-law claims. Under the diversity-of-citizenship statute, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of

different states . . . . " 28 U.S.C. § 1332(a)(1). "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Plaintiff, however, neither claims that the action exceeds $75,000 nor demonstrates that she or Defendants are citizens of a State other than Kentucky. In fact according to the complaint, Plaintiff and all Defendants are residents of Princeton, Kentucky. Consequently, Plaintiff cannot bring any state-law claims by way of the federal diversity statute.

### III. CONCLUSION

For the foregoing reasons, by separate Order, this action will be dismissed.

Date:


cc:     Plaintiff, *pro se*
        Defendants
4413.009